## CIRCUIT COURT OF BALTIMORE CITY.

Filed April 27, 1905.

---

JOHN H. BASH ET AL.
VS.
SUSAN A. BASH ET AL.

---

*George G. Carey* for exceptant.

*Charles McHenry Howard* for trustee.

---

HARLAN, C. J.—

Under the will of Henry M. Bash, one-sixth part of his estate was left in trust for the sole and separate use of his daughter, Josephine Augusta Hodges, during her life, and from and immediately after her decease, in trust to go to and become the property of her children, as tenants in common equally, with certain limitations over in case of her dying without leaving a child or children, or descendants of such, living. (See Chancery Record

A. R., No. 12, folio 343, etc.) The trusts created by the will are being administered under the jurisdiction of this court, and the Mercantile Trust Company is the present trustee.

Josephine A. Hodges died on July 4th, 1904, leaving four children surviving her, being all the children she ever had; all of whom are over 21 years of age. These four children, joining the husbands and wives of such of them as were married on August 10th, 1904, and alleging that the trust as to the share of their mother had ceased, that they were entitled to receive the same, that the securities constituting said share could be readily divided among them, so that each may receive his or her share in severalty, petitioned the court to direct such division to be made and the securities and property in which said share is so invested, together with any cash in the hands of said trustee, divided among and turned over to them, free from further trust. With the petition there was filed a statement showing the securities and investments held by the trustee upon this trust.

The trustee answers, admitting the facts alleged by the petitioners and suggesting in a paper marked "Trustee's Exhibit A," for the court's ratification and approval, a division or partition of the securities constituting the corpus of the estate into four equal shares, and the sale of the bond of the Nashville Street Railway Company for the purpose of equalizing shares. "Trustee's Exhibit A" is as follows:

ESTATE OF JOSEPHINE A. HODGES.

| | | |
|---|---|---|
| $10,000 | United Rys. & Electric Co. 1st Con. 4's due 1949 at 93.. | $9,300 |
| 5,000 | Seaboard & Roanoke R. R. 1st Mtge. 5's due 1926 at 110 | 5,500 |
| 15,000 | Consolidated Gas Co. of Balto. 6's due 1910 at 110.. | 16,500 |
| 1,000 | Nashville St. Ry. 1st Mtge. 5's due 1925 at 103.......... | 1,030 |
| 2,200 | Mortgage David Bell, due 1903 at 100................. | 2,200 |
| 1,000 | Milwaukee Gas Light 1st Mtge. 4's due 1927 at 90.... | 900 |
| | | $35,430 |

DISTRIBUTION.

| Securities | Share 1 | Share 2 | Share 3 | Share 4 | Sell |
|---|---|---|---|---|---|
| United Ry. 4s.. | 2,790 | 2,790 | 1,860 | 1,860 | |
| Sea. & Roa'ke 5s | 2,200 | 1,100 | 1,100 | 1,100 | |
| Consol. Gas 6s.. | 3,300 | 4,400 | 4,400 | 4,400 | |
| Nashville Ry. 5s | | | | | 1,030 |
| Milw'kee Gas 4s | | | 900 | | |
| David Bell Mtge | 550 | 550 | 550 | 550 | |
| Cash .......... | | | 30 | 930 | 960 |
| | $8,840 | $8,840 | $8,840 | $8,840 | $70 |

The court on August 12th, 1904, passed an order referring the cause to the auditor "for the statement of an account or accounts making final distribution of said trust estate among the parties entitled under the will," and ordered the sale of the Nashville Street Railway bond. While the papers were in the hands of the auditor, the counsel for the trustee petitioned the court to be allowed a reasonable counsel fee for advising the trustee "in respect to the final division and distribution of said estate," and preparing "the papers in reference thereto filed in this cause;" and the sum of $50 was allowed, subject to exceptions. The trustee also filed a petition asking to be allowed as "a reasonable compensation for its services in dividing and distributing said estate" the sum of $250, and this was also allowed, subject to exceptions.

Thereafter the Auditor filed (a) an Income Account GG, in which the trustee was allowed the usual commission of 5 per cent. on the income collected since its last report, and (b) Principal Account FF, wherein the trustee is credited with the amount allowed it for its services as per order of court, with the additional costs of suit, and with its expenditures; also with the fee allowed its counsel, as per order of court. The account shows a balance of $34,400 of bonds and mortgage, and the sum of $962.35 in cash, making a total of $35,362.35 for distribution; and this is equally distributed among the parties entitled thereto.

One of the distributees has excepted to the allowance of $250 to the trustee as "compensation for its services in distributing and dividing the estate;" and the only questions before the court are (1) whether the trustee is entitled to any compensation in the premises, and (2) if to any, to how much?

The trustee has been allowed the usual commission of five per cent. on the annual income of the estate. "This," as was said by Judge Ritchie in Abell vs. Abell (DAILY RECORD, July 16, 1901), "is the compensation for the general care and supervision of the trust estate, that is, the usual and ordinary services of the trustee;" or, as was said by Judge Dennis in the Hiss case (see Miller, 662), "the five

per cent. commissions allowed the trustee were for the general *management and settlement* of the estate."

The five per cent. commission does not cover special and unusual services, and it is quite customary to allow extra compensation therefor among which are commissions on sales and original investments. But I cannot find that it has been customary to allow extra compensation for distributing the trust estate to the parties entitled thereto at the termination of the trust, unless there were special circumstances justifying the same. In the case of White vs. Dimmock, 55 Md., 452, it was said:

"There is no fixed statutory rule for the allowance of commissions to trustees in cases like the present.

"The allowance is made, however, with reference to the rates of commission allowed by statute in analogous cases (Ringgold vs. Ringgold, 1 H. & Gill, 11, 84); as in the cases of guardians, trustees or committees of persons *non compos mentis*, etc.

"In the case of a guardian having the care and administration of the estate of his ward, the statute declares that, for his care and trouble in the management of the estate, 'the court may allow any commission not exceeding ten per cent. on the annual income of the estate.' Code, Art. 93, Sec. 177. And in the case of a trustee or committee of a person *non compos mentis*, the statute provides that the court may allow to the trustee or committee having the care of the person or estate of the *non compos mentis*, for his care and trouble, 'any sum not exceeding ten per cent. on the income and expenditures of such *non compos mentis*.' Code, Art. 16, Sec. 85.

"In these cases, the guardian or trustee is not entitled to, and does not receive, commission on the fund that he pays over to the ward when he arrives at age, or to the *non compos mentis* when restored to reason, *or to those representing such persons*."

As the will of Henry M. Bash creating the trust provided that upon the death of Josephine A. Hodges the property held in trust "should go to and become the property of her children as tenants-in-common equally," the duty of handing the estate over to her children upon the happening of that event,

certain to occur, was one of the obligations of the trustee from the beginning, and may well be taken to have been in the contemplation of the court in fixing the rate of commission allowed on annual income.

It seems to me that the services of the trustee in suggesting to the court (for the actual division was, of course, made by the auditor's report) the division into four equal parts of the mortgage, and a number of coupon bonds, the market value of which could be readily ascertained, coupled with the simple expedient of procuring cash with which to equalize shares by the sale of one bond, can hardly be regarded as requiring extra compensation, particularly as all the papers were prepared by counsel, who have without exception been allowed a fee for their services. This operation involved only the simplest kind of an arithmetical calculation; it was but little more complicated than one involving the division into four equal parts of an estate consisting merely of cash. Had the estate been made up entirely of cash or altogether of bonds of the same denomination and value, and had the trustee divided the estate by giving to each remainderman an equal sum in cash, or an equal number of bonds, I judge it would not have occurred to any one to think this was other than one of the duties for which compensation was provided by the five per cent. commission on annual income. No decision has been produced wherein a trustee has ever been allowed special compensation for distributing an estate consisting of cash or securities, and the general understanding of the profession has been that such a service is included in the duties for which the usual commission is allowed trustees, and is not the subject of any extra allowance.

Some instances have been pointed out wherein in the last few years in our Circuit Courts here, such fees have been allowed; but in none of these cases has any objection been raised to the allowances, and they cannot, therefore, be regarded as binding precedents; in some of them, moreover, there were special circumstances justifying the additional remuneration.

I am of the opinion that the exception to the allowance of $250 to the trustee should be sustained, and an order will be signed to that end. I

am authorized to state that Judge Dennis concurs in the views expressed in this opinion.